**D. A. STRICKLIN et al.,**
**Plaintiffs,**

v.

**INVESTORS SYNDICATE LIFE INSUR-**
**ANCE AND ANNUITY COMPANY,**
**a corporation, Defendant.**

**No. CIV–74–798–E.**

United States District Court,
W. D. Oklahoma.

March 21, 1975.

O. A. Cargill, Jr., and Leslie L. Conner and James M. Little, Conner, Little & Conner, Oklahoma City, Okl., for plaintiffs.

Barry D. Mock and Henry F. Featherly, Lamun, Mock, Featherly, Baer & Timberlake, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

This litigation involves two loans, one loan in the amount of $300,000 made to the Stricklins and the Slaters, and one loan in the amount of $240,000 made to the Farrises and the Slaters, by the defendant for the construction of two apartment complexes in Oklahoma City. Both loans had allegedly been in default for three months at the time suit was brought by all plaintiffs for declaratory and injunctive relief, claiming that the defendant was arbitrarily withholding its consent to the transfer of the properties to a purchaser and that the provision of the mortgage requiring consent to transfer and permitting the mortgagee in the absence of such consent to declare the entire indebtedness due and payable should be held null and void. Defendant has answered and counterclaimed to foreclose the two mortgages and recover on the two promissory notes. Plaintiffs have moved for summary judgment on the counterclaims on the ground that the Oklahoma Uniform Consumer Credit Code (hereinafter U3C) [1] precludes defendant from recovering. The Court has heard oral arguments and been fully advised in the premises.

At the outset, it should be noted that plaintiffs do not contend the loans at issue herein were consumer loans. This is the argument that was anticipated by D. Kent Meyers in his article "Real Estate Transactions, Rates and the Code" in 23 Oklahoma Law Review 263 (1970). His discussion, then, at pages 276–277, is not

---

1. 14A O.S. Article 3 Loans, § 3–101 et seq.

strictly apropos, but it is helpful in setting the stage for the problem at hand:

"[I]s a loan in the amount of $200,000 made to an individual to finance the construction of an apartment house, at an annual percentage rate of 12%, a consumer loan? The argument is that the standard four requirements of section 3–104[2] do not apply to a loan primarily secured by an interest in land, because of the introductory phrase of section 3–104.[3] Section 3–105 then proceeds to exclude from the definition of consumer loan any loan secured primarily by an interest in land in which, among other things, the loan finance charge does not exceed 10%. This argument, taken to its natural conclusion, would result in most of the commercial loans, primarily secured by an interest in land, made to corporations, partnerships, trusts and individuals being considered consumer loans, . . . .

\* \* \* \* \* \*

"[T]his would stifle the intent of the Commissioners on Uniform State Laws, as well as the Oklahoma Legislature, and place a category of loans within the definition of consumer loans that would be absurd."

Plaintiffs here, however, concede that the loans were commercial loans. The core of their argument is that the U3C governs all loans, including commercial loans, in which the interest rate charged exceeds 10%.[4] They reason as follows:

(1) The Oklahoma Constitution sets the maximum rate of interest at 10%, absent specific legislation fixing maximum rates of interest.

(2) The Oklahoma U3C is such specific legislation, giving defendant the authority, in §§ 3–605 and 5–107, to set interest as high as 45%.

(3) § 3–501(1) provides that a supervised loan is any loan in which the rate of the loan finance charge exceeds 10%.

(4) Accordingly, these commercial loans may be brought within the aegis of a specific provision of the Code (§ 3–501) and under the umbrella of the Code generally, inasmuch as the Legislature would not have intended to grant lenders the benefit of §§ 3–605 and 5–107 without also imposing upon them the regulatory provisions.

■■ The Court determines that §§ 3–605 and 5–107 are present in the Code for the particular purposes of fixing a specific maximum rate, as necessitated by Article XIV, Section 2 of the Oklahoma Constitution, for all loans other than consumer loans and consumer related loans, and to simplify, clarify and modernize the law governing usurious loans. The Court determines that § 3–501(1) is not to be read in isolation, but in the context of the Act and therefore has reference only to supervised consumer loans. The Court concludes that the Code does not govern large loans for a commercial purpose for the following reasons:

(1) The Title of the Act, which is a part of the Act, is the Uniform *Consumer* Credit Code.

(2) The underlying purpose of the Act is *inter alia*, "to protect *consumer* . . . borrowers against unfair practices." § 1–102(2)(d).

(3) The scope of Article 3 is limited to all consumer loans, including supervised consumer loans, and consumer related loans.

(4) Consumer related loans are defined in § 3–602. The intent was to provide some protection for the borrower in what might be termed the quasi-consumer, quasi-commercial transaction. However, the section is not available to plaintiffs here for the reason, among others, that the provision is limited to

---

2. Central here would be requirement (2) that the debt be incurred primarily for the personal, family, household, or agricultural (rather than business) purpose.

3. Except with respect to a loan primarily secured by an interest in land . . . ."

4. Defendant concedes the interest rates herein exceeded 10%.

transactions involving no more than a $25,000 principal.

Accordingly,

It is ordered, That plaintiffs' motions for summary judgment on the defendant's counterclaims as a matter of law be and the same hereby are denied.